```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

D.B.                                  :       CIVIL ACTION
                                      :
   v.                                 :
                                      :
CITY OF PHILADELPHIA, *et al.*        :       NO. 07-1461


MEMORANDUM AND ORDER

Fullam, Sr. J.                                    October 9, 2008

   This unfortunate case was brought by the anonymous plaintiff, who was placed into foster care at age 5, where she was abused by her foster father, Bienbenido Villaneueva.  The abuse was not reported until after D.B. left foster care in 1999 at age 14; Villaneueva was later convicted of charges relating to the abuse.  Although it was not known at the time the plaintiff was placed in the home, Villaneueva had been arrested, but not convicted, in connection with a sexually-related crime in 1985.

   Citing 42 U.S.C. § 1983, the plaintiff has sued the City of Philadelphia, which removed the plaintiff from her mother's care, and Children's Choice, the foster care agency that placed D.B. in the Villaneueva home.  The plaintiff alleges that the defendants' actions and inactions manifested a deliberate indifference to her welfare.  To establish liability, the plaintiff must point to a special relationship with the defendants, which requires 1) evidence of a protected interest

and a sufficient relationship with the defendant to state a cause of action; 2) conduct egregious enough to shock the conscience and thereby violate the plaintiff's constitutional rights; and 3) deliberate indifference.  J.H. v. City of Philadelphia, Civil Action No. 06-2220 slip op. at 10 (E.D. Pa. Aug. 19, 2008) (Pratter, J.).

**Motion for Summary Judgment of Children's Choice**

The first question raised is whether Children's Choice is a state actor for purposes of § 1983; I readily conclude that it is.  Harris v. Lehigh County Office, 418 F. Supp. 2d 643 (E.D. Pa. 2005).  The parties vigorously dispute whether Children's Choice acted properly in approving the Villaneueva home as a foster home, whether Villaneueva took the required training to remain as a foster parent, and whether Children's Choice had an obligation to perform an additional criminal history check on Villaneueva in 1997, when Pennsylvania law was amended to allow the dissemination of arrest information more than three years old to child welfare agencies. 18 Pa. C.S. § 8121 (1997).  After reviewing the parties' submissions, I am convinced that the liability of Children's Choice cannot be determined on a motion for summary judgment.

**Motion for Summary Judgment of the City of Philadelphia**

The City referred the placement into and supervision over the plaintiff's foster care to Children's Choice.  These actions do not insulate the City from liability if its conduct shocks the conscience; that is, if there is evidence that the City acted with deliberate indifference to a known or obvious danger to the plaintiff's welfare. <u>Nicini v. Morra</u>, 212 F.3d 798, 812 (3d Cir. 2000).

To establish a claim against the City, the plaintiff must be able to attribute the constitutional violation to a municipal policy or custom, showing that either (1) some municipal policy or custom caused the underlying constitutional violation by state actors under the state-created danger theory; or (2) some policy or custom itself caused a substantive due process violation.  <u>M.B. v. City of Philadelphia</u>, 2003 Westlaw 733879 at *6 (E.D. Pa. Mar. 3, 2003) (Schiller, J.).  The plaintiff centers her claim against the City on the response to a bulletin issued in 1997 by the State Department of Public Welfare's Office of Children, Youth and Families.  The bulletin provided information regarding the ability of foster care agencies to use criminal arrest history information obtained through the Pennsylvania State Police Criminal Records.  The City developed a policy to implement the bulletin but the policy was not put into effect for several years, according to the

plaintiff, who argues that this failure, and the failure of the City to supervise Children's Choice, constituted deliberate indifference to D.B.'s welfare.

After carefully considering the evidence presented by the parties, I conclude that the plaintiff has not produced sufficient evidence that would permit a jury to determine that the City's actions rose to a level beyond negligence, and negligence is not enough.

An appropriate order follows.

```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


D.B.                              :        CIVIL ACTION
                                  :
     v.                           :
                                  :
CITY OF PHILADELPHIA, et al.      :        NO. 07-1461
```

O R D E R

AND NOW, this 9th  day of October 2008, upon consideration of Defendants' motions for summary judgment and the responses thereto,

IT IS hereby ORDERED that:

1. The Motion of the City of Philadelphia is GRANTED and all claims against this defendant are DISMISSED.

2. The Motion of Children's Choice is DENIED.

BY THE COURT:

/s/ John P. Fullam
Fullam,          Sr. J.